GAUTREAU
*v.*
VERRET.

## THE STATE *v.* THE JUDGE OF THE NINTH JUDICIAL DISTRICT COURT OF POINTE COUPEE.

The fact that the Sheriff's wife has a law suit (to which he is a necessary party) pending before the court for which a jury is to be drawn, does not disqualify or exempt the Sheriff from performing the ministerial duties imposed upon him by the Act "relative to juries," approved March 14, 1855; nor does the fact that he has performed those duties furnish good cause for a challenge to the array by the party opposed to his wife, when a jury thus drawn is called to try her case.

Malpractice should be suggested and made probable before the array willbe set aside, unless there is some apparent legal defect.

The Sheriff was not disqualified to summon the jurors for the term, after they were drawn according to law; nor does the fact that he summoned them furnish ground for challenge to the array.

The Code of Practice, Articles 496-7, made it the duty of the Clerk to draw the names of the jurors from the box, for the trial of a particular cause, and although, by the Act of 27th April, 1826, this is no longer necessary, it may furnish a guide for the present case.

It would not be becoming in this case for the Sheriff to attend personally upon the jury during their deliberations.

Where there is no qualified Coroner, the Act of 9th March, 1855, section 1st, furnishes a mode by which the vacancy may be speedily filled.

*By the Court:* We would not be supposed to intimate that a cause must be utterly suspended when the Sheriff and Coroner are both disqualified to perform ministerial duties in a particular case.

APPEAL from the District Court, Ninth District, Parish of Pointe Coupée, *Cooley*, J. *U. B. & E. Phillips* and *Haralson*, for petitioner.

SPOFFORD, J. The fact that the Sheriff's wife has a law-suit (to which he is a necessary party) pending before the court for which a jury is to be drawn, does

not, in our opinion, disqualify or exempt the Sheriff from performing the ministerial duties imposed upon him by the Act "relative to juries," approved 14th March, 1855, (Session Acts, page 297,) nor does the fact that he has performed those duties furnish a good cause for a challenge to the array by the party opposed to his wife, when a jury thus drawn is called to try her case.

We have not been referred to any express law which declares such a disqualification.

There seems to be no good reason for establishing a rule which would produce so many inconveniences and hardships.

The law directs, in the most explicit terms, how the jury shall be composed. A list of all the qualified jurors in the parish is to be made out from the tableau of assessment, not by the Sheriff alone, but by the Sheriff, Clerk, Recorder, and three freeholders together; these names being well mixed in a box, one of the said officers, under the direction of the others and of the freeholders present, is to draw therefrom not less than forty-eight ballots, etc.

The law defines who shall compose the total list from which the jury for a given term is to be drawn, and chance determines who are drawn.

Six men are to preside over the work; so that there must not only be a most flagrant and easily proven breach of the law, in order to draw a jury who will be partial in a given case, but to accomplish such a result there must be a conspiracy between the Sheriff, Clerk, Recorder, and three freeholders.

Such a state of things is not to be presumed from the bare fact that one of the six persons, or a wife or kinsman of one of them, has a law suit which may be tried before a jury to be selected by the parties out of the array drawn for the term.

Malpractice should be suggested and made probable to the court before the array is set aside, unless there is some apparent legal defect.

The Sheriff was not, in our opinion, disqualified to summon the jurors for the term after they were drawn according to law; nor does the fact that he summoned them furnish ground for a challenge to the array.

The District Judge, in his answer to the mandamus, has intimated that it would be desirable for us to express an opinion as to the fitness of the Sheriff to call the jurors to the jury-box, and attend to them during the trial of the suit, in case we should find the array a competent one.

The Code of Practice, in Articles 496-7, made it the duty of the Clerk to draw the names of the jurors from the box for the trial of a particular cause, and although, by the Act of 27th February, 1826, this is no longer necessary, it may furnish a guide for the present case.

We would not deem it becoming in this case for the Sheriff to attend personally upon the jury during their deliberations.

The District Judge states that there has been no qualified acting Coroner for some time past in that parish. The law provides a mode by which the vacancy may be speedily filled. Act of 12th March, 1855, § 1. (Session Act, page 83.)

We would not be understood to intimate, however, that a cause must be utterly suspended when the Sheriff and Coroner are both disqualified to perform ministerial duties in a particular case.

It is, therefore, ordered that a peremptory mandamus issue to the Judge of the Ninth Judicial District Court in and for the parish of Pointe Coupée, commanding him to proceed at the proper time to the trial of the cause pending in the said court, wherein *John S. Scott* is plaintiff in injunction, and the relator,

*Judith Ann Morgan*, wife of *James A. Morgan*, and her said husband are defendants in injunction, and to allow said cause to be tried before a jury formed, drawn and summoned as prescribed by the Act of March 14th, 1855, and further to proceed according to law and to the views expressed in this opinion.